IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-02948-K-BT |
| | § | |
| K. ZOOK, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Shapat Nabaya, a federal prisoner currently incarcerated at Seagoville FCI in Seagoville, Texas, filed this civil action purportedly under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because he is attacking the validity of his conviction and seeks release from confinement, the Court should construe this case as one filed under 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."). Nabaya, however, was convicted and sentenced in the Eastern District of Virginia, Richmond Division. Therefore, the Court lacks jurisdiction over Nabaya's § 2255 motion. The Court should dismiss this civil action and deny any pending motions as moot.

Nabaya states that this Court has jurisdiction under *Bivens*, but his claims are properly construed as a § 2255 motion to vacate, set aside, or

1

correct his sentence. Specifically, he argues: (1) the Eastern District of Virginia "defaulted in imposing a judgment"; (2) the U.S. Attorney's office failed to appear and prosecute his case; (3) the presiding judge in his criminal case committed violations in open court and failed to respond to the questions he posed to her; (4) the court lacked the authority of the United States Constitution; (5) his Fourth Amendment rights were violated in open court; (6) he is being unlawfully detained; (7) his imprisonment is null and void; and (8) the decision to remand him to the custody of the Bureau of Prisons (BOP) amounted to "kidnapping". Mot. (ECF No. 2.) And these are the type of claims reserved for § 2255 motions. *See* 28 U.S.C. § 2255(a) (a § 2255 motion raises the following type claims: (1) the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack); *see also Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) ("Section § 2255 is the primary means of collaterally attacking a federal sentence.") (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

A movant must file his § 2255 motion in the court where he was convicted and sentenced. 28 U.S.C. § 2255(a) (stating that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct

2

the sentence."); *see also Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) ("A section 2255 motion must be filed in the sentencing court"); *United States v. Williamson,* 469 F.2d 88, 89 (5th Cir. 1972) (per curiam) ("The collateral attack must be filed in the convicting court."); *Light v. United States,* 430 F.2d 932, 933 (5th Cir. 1970) (per curiam) (finding that a collateral attack on the validity of a conviction must be filed in the convicting court). Indeed, only the sentencing court has jurisdiction over § 2255 claims involving errors that occurred before or during sentencing. *Ojo v. INS,* 106 F.3d 680, 683 (5th Cir. 1997) (noting that only the sentencing court has jurisdiction to address a § 2255 motion); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1132 (5th Cir. 1987) (holding that only the sentencing court has jurisdiction to hear a § 2255 motion attacking a sentence). When a district court lacks jurisdiction to entertain a habeas petition, it must dismiss the petition for lack of jurisdiction. *Lee v. Wetzel,* 244 F.3d 370, 375 (5th Cir. 2001).

Nabaya was convicted and sentenced in the Eastern District of Virginia, Richmond Division. *See United States v. Nabaya*, No. 3:17-cr-3-MHL-1 (E.D. Va.). Therefore, he must file his § 2255 claims in that district and division. This Court lacks jurisdiction over Nabaya's § 2255 motion.

The Court should construe Nabaya's filing as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and DISMISS it for lack of jurisdiction. *See Lee,* 244 F.3d at 375. The Court should also terminate any

pending motions, including his motions for a preliminary injunction (ECF Nos. 5, 7, 11), as moot.

SO RECOMMENDED

December 8, 2021.

                                  REBECCA RUTHERFORD
                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)