IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAPAT NABAYA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-02948-K-BT |
| | § | |
| K. ZOOK, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Shapat Nabaya's "Motion To Correct Judgment Pursuant to Civ. R. 59(e)" (ECF No. 35). The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the District Court lacks jurisdiction over this case and should DENY the pending motion.

I.

Nabaya filed this action purportedly under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On December 8, 2021, the magistrate judge issued findings and conclusions, recommending that his claims be construed as a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and dismissed for lack or jurisdiction because he was convicted and sentenced in the Eastern District

1

of Virginia.[1] FCR 3 (ECF No. 14) (citing *Lee v. Wetzel*, 244 F.3d 370, 375 (5th Cir. 2001)). Nabaya filed objections to these findings and conclusions (ECF No. 17), but the District Court overruled them. And on December 30, 2021, the District Court accepted the magistrate judge's findings and recommendation and entered judgment. Ord. (ECF No. 21); J. (ECF No. 22). Then, Nabaya filed two notices of appeal to the Fifth Circuit Court of Appeals. (ECF Nos. 24, 31.)

On January 8, 2022, Nabaya filed the pending motion (ECF No. 35), in which he argues that the Court should correct his judgment under Federal Rule of Civil Procedure 59(e). Specifically, he claims that the Court erred because he did not consent in writing to filing a § 2255 claim. He further claims that the findings and conclusions are not supported by the caselaw cited. Nabaya also argues that the magistrate judge failed to explain why his *Bivens* claim could not be filed and heard. Nabaya concludes that he had no intention of filing a § 2255 claim, and the Court should correct its judgment and allow his *Bivens* claim to proceed.

---

[1] Nabaya's claims included allegations that: (1) the Eastern District of Virginia "defaulted in imposing a judgment"; (2) the U.S. Attorney's office failed to appear and prosecute his case; (3) the presiding judge in his criminal case committed violations in open court and failed to respond to the questions he posed to her; (4) the court lacked the authority of the United States Constitution; (5) his Fourth Amendment rights were violated in open court; (6) he is being unlawfully detained; (7) his imprisonment is null and void; and (8) the decision to remand him to the custody of the Bureau of Prisons (BOP) amounted to "kidnapping. FCR 2.

II.

The Court evaluates a motion seeking reconsideration of a prior ruling either as (i) a motion to alter or amend a judgment under Rule 59(e), or (ii) a motion for relief from a final judgment, order, or proceeding or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). If the movant filed the motion within twenty-eight days after the entry of judgment, the Court treats the motion as though it was filed under Rule 59; and if the movant filed the motion more than twenty-eight days after the entry of judgment, the Court analyzes it under Rule 60(b). *Id.* Here, Nabaya filed his motion on January 8, 2022—nine days after the Court entered its judgment on December 30, 2021. Therefore, the Court should construe Nabaya's post-judgment motion as a Rule 59 motion. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Under Rule 59, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law. . . and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). When a court considers a Rule 59 motion, it is must recognize "the need to bring litigation to an end and the need to render decisions on the basis of all the facts" must be balanced. *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). A motion to alter or amend judgment under Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to

3

present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). A manifest error of law is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks omitted). A court has considerable discretion in deciding whether to reopen a case under a Rule 59(e) motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

III.

On December 8, 2021, the magistrate judge determined: "Nabaya was convicted and sentenced in the Eastern District of Virginia, Richmond Division. Therefore, he must file his § 2255 claims in that district and division. This Court lacks jurisdiction over Nabaya's § 2255 motion." FCR 3 (ECF No. 14) (citation omitted). Then, on December 30, 2021, the District Court found "no error" in the magistrate judge's findings and conclusions, accepted the recommendation to construe Nabaya's filing as a § 2255 motion and dismiss it, and entered judgment. Ord. 1-2 (ECF No. 21); J. (ECF No. 22). Nabaya has failed to show any manifest error of law or fact. Therefore, he is not entitled to relief under Rule 59. The Court lacks jurisdiction over this case and should deny Nabaya's motion.

## Conclusion

The District Court should DENY Nabaya's motion ([ECF No. 35](ECF No. 35)).

Signed February 7, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. See [*Thomas v. Arn,* 474 U.S. 140, 150 (1985)](). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See [*Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996)]() (en banc).